UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER NJONGWE,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-08138-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On October 2, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order. (Doc. No. 2.) On October 5, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On October 7, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondents failed to distinguish this case from any of the cases cited in the court's prior order. (*Id.*) Instead, respondents argued that petitioner was subject to detention under 8 U.S.C. § 1226(a), that there was no objection to a court ordered a bond hearing, and that the petition should be denied because petitioner had not yet requested prudentially exhausted his administrative remedies. (*Id.* at 2–4.) On October 7, 2026, petitioner filed a traverse arguing that respondents had failed to address the merits of the pending petition. (Doc. No. 7.) On October 15, 2026, petitioner filed a notice indicating that he had been granted a bond from an immigration judge. (Doc. No. 8-1 at 4–5.)

A routine check of the Immigration Court Automated Case Information System ("ACIS") reveals that, subsequent to the parties' submissions, petitioner was released from detention and is currently scheduled for a non-detained hearing before an immigration judge in Concord, California on January 26, 2027.[1] (*See* Automated Case Information System, *available at:* https://acis.eoir.justice.gov/en/).

Based upon the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Cameroon who last entered the United States on or about February 1, 2021, at a pre-flight inspection station at Calgary, Canada, with a valid, unexpired B-2 nonimmigrant tourist visa with permission to remain in the United States until July 31, 2021. (Doc. No. 6-1 at 2–3.) On July 26, 2021, petitioner timely filed an application to extend his nonimmigrant visa status with the U.S. Citizenship and Immigration Services ("USCIS"). (*Id.*) On September 10, 2022, USCIS denied petitioner's extension application. (*Id.*) On September 20, 2026, petitioner was encountered by immigration agents at the San Francisco International Airport. (*Id.*) On that same date, petitioner was arrested and detained by immigration officers and removal proceedings commenced. (*Id.*; Doc. 6-1 at 8–10.) There is no indication that petitioner was provided with

---

[1] The court takes judicial notice of the date of petitioner's upcoming hearing. *See e.g.*, *Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

advance notice or a hearing before ICE re-detained him.[2] Following his detention, petitioner filed this habeas action. (Doc. No. 1.) During the pendency of the instant petition, petitioner requested a bond redetermination hearing before an immigration judge, who ultimately granted petitioner release on a $10,000 bond. (Doc. No. 8-1 at 4–5.) Notwithstanding petitioner's release from detention, petitioner requests the court to restore him to the status quo as it existed immediately preceding his detention, including removal of the ankle monitor imposed as a condition of his release on bond, the return of his personal possessions and property, and to facilitate the return of the bond payment he was required to post.

The court first addresses whether petitioner's detention was lawful. The court finds persuasive the analysis in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). There, as here, the petitioner entered the United States on a nonimmigrant visa and subsequently filed an application for benefits such that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that expiration. *Id.* at *1. In *Kharitonova*, the court found that the petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained." *Id.* at *2; *see also Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) ("Petitioner developed a liberty interest in remaining out of custody following ICE's decision not to detain him for the past five years, despite being aware of his deportable convictions as early as February 24, 2020, when the Notice to Appear was issued."). This analysis aligns with the Supreme Court's original reasoning

---

[2] Respondents have offered evidence that petitioner was served a notice of custody determination (Form I-286) on the same date as his detention. (Doc. No. 6-1 at 11.) Additionally, the Warrant for Arrest of Alien (Form I-200) from DHS was also served on petitioner at the San Francisco International Airport on the day he was arrested and detained. (Doc. No. 6-1 at 12.) The court also observes that the Notice to Appear (Form I-862) is dated September 20, 2026, the same day petitioner was arrested and detained. Thus, it is unclear whether the issuance of the arrest warrant preceded the issuance of the notice to appear, or vice versa. It is also unclear whether a hearing was provided prior to or contemporaneously with petitioner's detention, and whether notice was provided to petitioner before he was re-detained.

for finding that parolees have a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). There, as here, the release (or decision not to detain) is "based on an evaluation[,]" allows for "a relatively normal life[,]" and as a result the parolee or petitioner "relied on at least an implicit promise" that the parole or decision not to detain will be revoked only if he fails to live up to the applicable "conditions." *Id.*

Thus, pursuant to the reasons stated in *Kharitonova* and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the petitioner similarly had a protected liberty interest, the court finds that petitioner's detention without proper pre-deprivation procedures violated his right to due process. *See also Kalkan v. Chestnut,* No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026), *appeal dismissed*, No. 26-3277, 2026 WL 2446315 (9th Cir. June 18, 2026) (holding the same where the petitioner had lived in the United States for nearly three years and the government was aware of his presence by virtue of his asylum case but did not promptly detain him).

The court next considers whether the pending petition is moot insofar as petitioner has now been released from detention. "[A] case becomes moot when it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Abdala v. INS,* 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)); *see also United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018); *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021). In order for petitioner's "habeas petition to continue to present a live controversy after [his] release … there must be some remaining collateral consequence that may be redressed by success on the petition." *Abdala,* 488 F.3d at 1064; *see also Panosyan,* 854 F. App'x at 788. Ordinarily, therefore, supervised released from detention ordinarily moots a noncitizen's claim against their detention. *Id.*

Here, however, petitioner's habeas petition challenges more than his initial detention. (Doc. No. 1 at 8–14.) As clarified in petitioner's traverse, he challenges the constitutionality of his initial detention without the appropriate pre-deprivation process in violation of his due process rights such that any post-detention procedures should be found to be insufficient and respondents prevented from re-detaining him without sufficient pre-deprivation process. (Doc Nos. 7 at 4–5,

7–8; 8 at 2–3.) Further, because petitioner's October 14, 2026, bond order may still be appealed by the government, this court cannot "be 'satisfied that the alleged wrong[ful detention] will not recur' absent changed circumstances." *Panosyan,* 854 F. App'x at 788. Accordingly, this court finds that petitioner's challenge as to his future re-detentions presents a continuing live controversy that is reviewable and is not mooted by his release on bond. *Id.*

As discussed above, this court has already concluded that petitioner has a continuing liberty interest in remaining free from detention. *Kalkan*, 2026 WL 788112, at *2; *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv 05918-KES-SAB, 2026 WL 2234501, at *2 (E.D. Cal. Aug. 3, 2026) (liberty interest found to exist where the petitioner lived freely in the United States for approximately four years and the government "deci[ded] not to detain [him], and instead to grant him work authorization while his asylum claim proceeded") (emphasis in original); *Carrasquel v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26 cv-06867-DAD-JDP, 2026 WL 2621102 (E.D. Cal. Sept. 4, 2026) (liberty interest found where the petitioner lived in the United States for twelve years, had been granted temporary protected status after his visa expired, and was not promptly detained after the expiration of either his visa or temporary protected status). Petitioner argues that he should be returned to the status he previously occupied prior to the due process violation. (Doc. No. 8 at 2–3.) Respondents have not presented any evidence which would have warranted the deprivation of petitioner's due process rights without a pre-deprivation hearing (i.e., such as risk of flight or danger). (Doc. No. 6 at 2–4.) Thus, the court finds respondents' interest in detaining petitioner without due process to be low. *See e.g., Mathews v. Eldridge,* 424 U.S. 319 (1976); *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1213 (9th Cir. 2022) (addressing the *Mathews* test in the immigration detention context).

After reviewing the procedural history and facts of this case, the court is persuaded that petitioner should be returned to the status quo immediately preceding his detention given the due process violation present here. *See Oliveira Tinoco v. Albarran*, 1:26-cv-05505-DC-CKD (HC), 2026 WL 2949219, at *6–7 (E.D. Cal. Oct. 1, 2026); *Abdeltawab v. Arman,* No. 26-cv-01520-MWF-DTB, 2026 WL 1710301, at *1 (C.D. Cal. June 4, 2026) (subsequently ordering removal

of the GPS ankle monitor upon his earlier court-ordered release from custody in order to restore petitioner to status before detention without constitutionally adequate process); *Nazarian v. Noem,* No. 25-cv-02694-KK-DSR, 2026 WL 2659597, at *3 (C.D. Cal. Sept. 8, 2026) (same). Therefore, the Court will grant the pending petition for habeas corpus.

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED;
2. Respondents are ORDERED to, within fourteen (14) days of the date of entry of this order:
   a. RESTORE petitioner to the status quo immediately preceding his detention on September 20, 2026, including the removal of any ankle monitor and/or other monitoring requirements imposed a s a condition of petitioner's release on bond;
   b. RETURN all of petitioner's documents and possessions (e.g., passport, identification, Social Security card, etc.); and
   c. FACILITATE the return of the bond payment posted by petitioner in October 2026;
3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
4. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;
5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE